JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALCALA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VENTURA COUNTY SHERIFF,<br><br>　　　　Defendant. | Case No. 2:22-cv-03482-PA (AFM)<br><br>**ORDER OF DISMISSAL** |

　　　On May 19, 2022, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 while detained at the Ventura County Todd Road Jail in Ventura, California. (ECF No. 1.) On May 26, 2022, plaintiff was granted leave to proceed without prepayment of the full filing fee, and the assigned Magistrate Judge ordered plaintiff to pay an initial partial filing fee of $6.91 by no later than June 26, 2022. ("IFP Order," ECF No. 4.)

　　　In the caption of the Complaint, plaintiff lists the "Ventura County Sheriff" as the only defendant, but the body of the pleading fails to name any defendants. (ECF No. 1 at 1, 3-4). Further, the pleading does not list any incident date or raise any specific claim against any identified defendant, and plaintiff does not set forth any facts to support his conclusory allegations that unspecified individuals discriminated

against him at an unspecified time and subjected him to cruel and unusual punishment. Rather, plaintiff merely alleges that he was held "in cell [sic] where toilet over-flowed" and "after that three inmates seriously assaulted [plaintiff,] which resulted in [him] being rehoused in protective custody." (*Id.* at 3, 5.) Plaintiff seeks monetary damages. (*Id.* at 6.)

The Notice of Assignment (ECF No. 3) was returned as undeliverable because plaintiff's name on the Complaint did not match the name under which he was booked at the Ventura County Jail. The Court corrected plaintiff's name and, on June 8, 2022, mailed another copy of the Notice of Assignment and the Magistrate Judge's IFP Order. On June 14, 2022, the Notice of Assignment was again returned as undeliverable, and on June 23, 2022, the IFP Order was returned as undeliverable and unable to be forwarded. Both of these mailings were stamped with the notation: "Return to Sender Not in Custody." (ECF Nos. 7-8.) On July 13, 2022, another order (ECF No. 6) mailed to plaintiff was returned as undeliverable.

Local Rule 83-2.4 of the Central District of California requires that the Court be notified within five (5) days of any change in a party's address. Further, Local Rule 41-6 sets forth the procedure for dismissal of an action when, as here, mail sent to a *pro se* plaintiff is returned as undeliverable. Local Rule 41-6 provides:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address … and e-mail address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Here, mail directed by the clerk to plaintiff's address of record has been returned as undeliverable on four occasions, and the Court has not been notified of a new address for plaintiff. The service date of the last item to be returned as undeliverable was June 8, 2022. (*See* ECF Nos. 6, 8). Plaintiff has been provided with significantly longer than the fourteen days specified by Local Rule 41-6, and he

has failed to comply with the requirement of the Local Rules of the Central District of California that a *pro se* plaintiff keep the Court informed of a current address.

## DISCUSSION

The Court possesses the inherent power to dismiss, *sua sponte*, for lack of prosecution any action which has remained dormant because of the inaction or dilatoriness of the party seeking relief. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962). The Ninth Circuit has cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the present case, plaintiff has not provided the Court with his current address as required by the Local Rules, and it is not possible for the Court to communicate with plaintiff because all orders have been returned as undeliverable. In addition, plaintiff has failed to submit the partial filing fee as ordered by the Court. In light of these facts, the first two factors from *Carey* – the public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has failed to comply with the Court's orders and rules, despite being warned of the consequences and granted sufficient time in which to do so. Plaintiff's conduct prevents the Court from moving this case towards disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on their merits – ordinarily weighs against dismissal. However, it is plaintiff's responsibility to comply with the Local Rules and Court orders and to avoid dilatory tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility, despite having been granted sufficient time in which to do so. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with the Court's orders and rules.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. Without the Court being able to communicate with plaintiff and without its orders being deliverable to plaintiff, other sanctions would not be effective.

In sum, these factors all weigh in favor of dismissal of this case.

IT THEREFORE IS ORDERED that the action be dismissed without prejudice for failure to prosecute.

DATED: July 14, 2022

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE